### DADE COUNTY v. MURGUIA, et al (No. 2).
No. 66-L-3345.

Circuit Court, Dade County.

October 6, 1967.

Thomas C. Britton, County Attorney, James J. Kenny, Assistant County Attorney, for plaintiff.

Janet Reno of Brigham & Brigham, Miami, for defendants.

HENRY L. BALABAN, Circuit Judge.

This cause came on to be heard upon the motion of the petitioner, Dade County, to produce for inspection, examination and reproduction any and all appraisal reports obtained or to be obtained by or on behalf of the defendants, Sheldon M. Simons and Ruth A. Simons, his wife, Marshall D. Simons, and Stuart M. Simons and Rochelle Simons, his wife, or their attorneys, as to parcel 22, and the court having heard argument of counsel and being otherwise fully advised, it is ordered and adjudged that the petitioner's motion to produce be and it is hereby granted.

In Shell v. State Road Department, Fla. 1962, 135 So.2d 857, the Supreme Court held at page 860 that —

"Nevertheless, conceding that in private litigation the reports and opinions of experts should be considered a 'work product' exempt from compulsory discovery, we are convinced that the 'work product' immunity should not extend to the type of information sought in this eminent domain proceeding. We realize that the rule pronounced herein with reference to condemnation proceedings is diametrically opposite to the rule prevailing in ordinary litigation."

It is clear that three significant considerations require a departure, in eminent domain cases, from the ordinary rule. First, the court has previously required the petitioner to produce such material for the defendants. Second, the "facts" in controversy consist largely of matters determinable only through opinion evidence. Third, the petitioner will be required to reimburse the defendants for expenses incurred in obtaining the reports and information in question. In Dade County v. Potter, 1967, 28 Fla. Supp. 127, Judge William A. Herin, concerning a similar motion, held that —

"Petitioner's motion is well-taken in that the court finds that the paramount issue to be tried in this case is the value of land and improvements; that said valuation must be presented, resolved and determined largely through the testimony of expert witnesses; that mutual pretrial exchange of all valuation data between the parties will accelerate and enhance settlement, will expedite evidentiary presentation at the trial, will minimize surprise at trial and will promote the ultimate ends of justice."

It is therefore ordered that —

(1) The defendants as to parcel 22 shall produce at the offices of the county attorney within twenty days from the date of this order, copies of any and all appraisal reports obtained by them or on their behalf, including —

a) All photographs, maps, surveys or other graphic data studied or relied on;

b) Complete information concerning comparable sales studied or relied on;

c) Any bids or estimates studied or relied on; and

d) All income information relating to the value of parcel 22 studied or relied on.

(2) In the event any appraisal reports or information is received by the defendants or their attorneys, after the date on which said material is produced, such additional information shall be produced within three days from the receipt thereof, unless received within ten days of the trial, in which event it shall be produced forthwith.

(3) The petitioner shall pay all reasonable costs and expenses incurred by the defendants or their attorneys in obtaining the reports and information hereby ordered to be produced, and said costs and expenses shall be taxed and assessed on appropriate motion following the trial of this cause.