64

## STATE ROAD DEPARTMENT v. BOYD, et al.
No. 68-3998.

Circuit Court, Duval County.

February 13, 1969.

William L. Durden, General Counsel, David U. Tumin, Assistant Counsel, Consolidated City of Jacksonville, for the petitioner.

Jack F. Wayman, Jacksonville, for the defendants.

MARION W. GOODING, Circuit Judge.

*Order on motion to produce:* This cause coming on to be heard on motion of the petitioner, State Road Department of Florida, to produce for inspection, examination and reproduction certain designated appraisals pursuant to Rule 1.350, Rules of Civil Procedure, an objection having been filed to the motion on the grounds of lack of good cause for production and invocation of the work product rule, and the court having heard extensive argument of counsel, and being otherwise fully advised, it is ordered and adjudged that petitioner's motion to produce is granted.

Because of allegations made as to the practice in the fourth judicial circuit in similar motions to produce, the court feels it incumbent upon it to establish a more concrete basis for the granting of the motion, as a guide to the bench and bar in this judicial circuit.

Rule 1.350 provides for the inspection, copying or photographing of designated documents or things not privileged which constitute or contain evidence relating to any of the matters within the scope of examination, regardless of the fact of the inadmissibility of the evidence, if it appears reasonably calculated to lead to the discovery of admissible evidence under Rule 1.280(b), Rules of Civil Procedure. As noted in the authors' comment in *Raymond, Wilson and Tumin,* 30 F.S.A.377 (West 1967), discovery has three distinct purposes and uses, to wit —

(1)  to narrow the issues, in order that at the trial it may be necessary to produce evidence only as to a residue of matters which are found to be actually disputed and controverted;

(2)  to obtain evidence for use at the trial;

(3)  to secure information as to the existence of evidence that may be used at the trial, and to ascertain how and from whom it may be procured, as for instance, the existence, custody, and control of pertinent documents or the names and addresses of persons having relevant facts.

As well recognized by the bench and bar, the rules, both by virtue of their express provisions and as a result of the liberal and enlightened manner in which they have been construed and applied by the courts, afford simple and efficacious means for a searching discovery, narrowing of the issues and obtaining evidence for use at the trial. They have performed a marked and noteworthy advance in the administration of justice.

In Shell v. State Road Department, 135 So.2d 857 (1962), the Supreme Court of Florida at page 860 recognized the unique exceptions applicable in condemnation cases insofar as the normal "work product" rule is concerned, concluding that it should not extend to appraisals in condemnation cases when Rule 1.350 is utilized. Stated the court —

"Nevertheless, conceding that in private litigation the reports and opinions of experts should be considered a 'work product' exempt from compulsory discovery, we are convinced that the 'work product' immunity should not extend to the type of information sought in this eminent domain proceeding. We realize that the rule pronounced

herein with reference to condemnation proceedings, is diametrically opposed to the prevailing rule in ordinary litigation. However, we are convinced that there is no inconsistency because both rules are based upon sound public policy when the sphere in which each operates is properly analyzed."

Based upon the recognition that eminent domain cases require a departure from the ordinary rule in discovery, our sister court of the eleventh judicial circuit, in and for Dade County, specifically ruled in Dade County v. Potter, 28 Fla. Supp. 127 (1967), through Honorable William A. Herin, Circuit Judge, that defendants must provide the county with all valuation data including appraisal reports and bid information on which they would rely at the trial. The well expressed reason is stated at page 127 —

"Petitioner's motion is well-taken in that the court finds that the paramount issue to be tried in this case is the value of land and improvements; that said valuation must be presented and resolved and determined largely through the testimony of expert witnesses; that mutual pretrial exchange of all valuation data between the parties will accelerate and enhance settlement, will expedite evidentiary presentation at the trial, will minimize surprise at the trial and will promote the ultimate ends of justice."

Such proper construction has been followed in Dade County v. Murguia (No. 2), 29 Fla. Supp. 90 (1967), in the well reasoned opinion by Honorable Henry L. Balaban, Circuit Judge.

It becomes apparent that the scope of discovery in condemnation cases requires upon satisfying the requirements of Rule 1.350 that the defendants must comply and furnish the designated items to the petitioner. Good cause has been established by the petitioner, and it has been shown that the petitioner has previously provided counsel for the defendants Guy L. Brady, Charles M. Cherry, Myrtle B. Cherry, William Duncan, Frances Duncan, Joe P. Smith, Jimmie Lee Smith, Annie S. Davis (a.k.a. Mrs. L. R. Davis), L. O. Arnold and Grace Helen Arnold, the appraisals obtained by petitioner on said parcels, assuming that as a matter of courtesy said defendants would supply their appraisals to the petitioner.

It is therefore ordered that —

(1) The defendants as to parcel numbers 151, 152, 163, 164, 166 and 167 shall produce at the offices of the general counsel of the city of Jacksonville, within five days from the date of this order, copies of any and all appraisal reports obtained by them or on their behalf, including —

(a) copies of information concerning comparable sales studied or relied upon;

(b) any bids or estimates relied on;

(c) all valuation data concerning the aforestated parcels including written appraisal reports, sales and bid information and otherwise, upon which the defendants will rely at the trial.

(2) In the event any appraisal report or information is received by the defendants or their attorneys, after the date on which said material is produced, such additional information shall be produced within three days from receipt thereof, unless received within ten days of the trial, in which event it shall be produced forthwith.

(3) The failure of any party to comply with the aforestated order shall be deemed a voluntary waiver and forfeiture of any fee or cost which might otherwise be taxed against the petitioner respecting any matter or item not so provided, and no evidence concerning same may be utilized at trial.

This order is continuing in nature, including all revisions, additions, deletions and substitutions.